IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNY J. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-1005-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 23]

issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B), in

this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). Judge Purcell

recommends affirmance of the Commissioner's decision to deny Plaintiff's applications for

disability insurance and supplemental security income benefits. Plaintiff has filed a timely

objection. Thus, the Court must make a *de novo* determination of the issues specifically raised by

Plaintiff's objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff makes no objection to Judge Purcell's summary of the procedural history of the

case, the evidence in the administrative record, the findings and conclusions of the administrative

law judge (ALJ), or the arguments presented in the parties' briefs. Thus, the Court adopts these

portions of Judge Purcell's Report without further review as though fully set forth herein.[1]

_____

[1] The court of appeals has adopted a firm waiver rule, which requires that "a party's objections to
the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for
de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th
Cir. 1996). Plaintiff's failure to raise a particular factual or legal issue in his objection waives further review
with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Briefly stated, the ALJ found that Plaintiff had severe impairments of hypertension, obesity, non-insulin dependent diabetes mellitus, coronary artery disease, and status post-multiple myocardial infarctions and stent placements. The ALJ determined at step three of the sequential analysis that "Plaintiff's coronary artery disease was not disabling *per se* under the agency's Listing of Impairments at 20 C.F.R. pt. 404, subpt. P., app. 2, § 4.04 . . . [because] Plaintiff did 'not have the degree of occlusion or the findings on stress tests to meet the requirements of Section 4.04.'" *See* Report [Doc. 23] at 8 (quoting TR 14).[2] After careful analysis of the evidence of record and controlling law, Judge Purcell rejects Plaintiff's contention that the ALJ erred by failing to order a consultative stress test before making this determination and, instead, relying on angiography test results contained in Plaintiff's medical records.

In his objection, Plaintiff contends Judge Purcell's recommended ruling is inconsistent with *Maes v. Astrue*, 522 F. 3d 1093, 1097-98 (10th Cir. 2008)*,* and ignores the ALJ's duty of inquiry and factual development with respect to an issue that was apparent from the record, in this case, an absence of stress test results. The Court is not persuaded by Plaintiff's arguments. In *Maes*, the court of appeals held that, under the circumstances presented, the ALJ had a duty to recontact the claimant's treating physician to obtain additional information and medical records concerning an alleged mental impairment because the existing record was inadequate on that issue. *See id*. The case did not address an ALJ's duty to order consultative medical testing, as asserted by Plaintiff here. Judge Purcell correctly consulted and applied the agency's regulation regarding "whether to purchase an exercise test" when considering a cardiovascular impairment. *See* Report [Doc. 23] at 10 (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 400(C)(6)). Plaintiff fails to address Judge Purcell's application of this regulation and, instead, persists in arguing the applicability of *Maes*.

---

[2] The Court adopts Judge Purcell's citation system and cites particular pages of the administrative records as "TR __."

The Court finds this argument to be ill-founded, and fully concurs in Judge Purcell's analysis of the consultative testing issue.

The ALJ determined at step four of the sequential analysis that Plaintiff had the residual functional capacity (RFC) to perform sedentary work, further limited by these additional restrictions: only occasional climbing, balancing, stooping, kneeling, crouching and crawling; no work at unprotected heights or around hazardous machinery; no work in extreme temperatures; no climbing on ladders, ropes or scaffolds; and avoidance of work requiring driving. *See* Report [Doc. 23] at 11-12 (citing TR 15). Because these restrictions prevented Plaintiff from doing his past relevant work, the ALJ proceeded to step five and, utilizing the medical-vocational guidelines provided by agency rules (commonly known as the grids), determined that Plaintiff was not disabled. Plaintiff contends in this appeal that the ALJ erred by relying on the grids, rather than obtaining expert vocational testimony and applying the factors set out in *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1996), to determine whether there were a significant number of available jobs that Plaintiff could perform. Plaintiff contends that an agency regulation, Social Security Ruling 96-9p, compelled the use of a vocational resource other than the grids. In his Report, Judge Purcell thoroughly addresses and rejects these contentions.

In his objection, Plaintiff simply disagrees with Judge Purcell's analysis. Plaintiff argues that the ALJ found nonexertional limitations of pain and fatigue that prevented Plaintiff from performing a full range of sedentary work and precluded the application of the grids. According to Plaintiff, the ALJ's factual findings regarding his RFC triggered a duty under SSR 96-9p to consult a vocational expert. Upon careful consideration, the Court finds that it cannot add significantly to Judge Purcell's discussion of these arguments and, therefore, adopts his analysis. A review of the ALJ's decision reveals that, to the extent the ALJ found Plaintiff's complaints of pain and fatigue to be credible, he accounted for them by assessing Plaintiff's exertional capacity at the sedentary

level and assigning additional postural and environmental restrictions. *See* TR 16. The ALJ specifically found, however, that Plaintiff's nonexertional restrictions did not significantly erode the occupational base for unskilled sedentary work and did not prevent utilization of the grids. *See* TR 17. These findings are consistent with applicable agency rules, including SSR 96-9p.[3] The court of appeals' decision in *Trimiar* predates SSR 96-9p and is not controlling authority on the issue of when a nonexertional impairment may prevent the use of the grids.

IT IS THEREFORE ORDERED that Judge Purcell's Report and Recommendation [Doc. No. 23] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of October, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] SSR 96-9p expressly provides: "Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." *See* 1996 WL 374185, *7 (July 2, 1996). Similarly, a "restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work." *Id*. at *8. Further, the environmental restrictions found by the ALJ are specifically noted to be ones that would not result in a significant erosion of the unskilled sedentary occupational base. *Id*. at *8-*9.